IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL CRUZ,

    Plaintiff,

vs.

PRIMATE PRODUCTS LLC,

    Defendant.

Case No.:

**COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, MIGUEL CRUZ ("Plaintiff") sues Defendant, PRIMATE PRODUCTS LLC, ("Defendant"), and states:

**NATURE OF ACTION**

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*("FLSA").

2. Plaintiff alleges Defendant violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiff all overtime wages owed. Specifically, beginning on or around September 22, 2024, Defendant changed Plaintiff's compensation to a salary basis and stopped paying him overtime compensation for hours over 40 in a workweek. Defendant misclassified Plaintiff as "exempt," Defendant misclassified Plaintiff as "exempt," although Plaintiff's primary duties did not involve the management of the enterprise or the exercise of discretion and independent judgment on matters of significance. Plaintiff routinely worked more than forty (40) hours per week and was not paid time-and-one-half his regular rate of pay for those overtime hours.

## PARTIES

3. Plaintiff CRUZ is a resident of Collier County, Florida, in the Middle District of Florida. From around May 2017 until April 2025, Plaintiff was employed by Defendant as Vet Technician.

4. Defendant is a Delaware Limited Liability Company. Defendant transacts business in the State of Florida and maintains its principal place of business at 34200 Doctors Hammock RD, Immokalee, FL 34142 where it employed Plaintiff.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

6. The Middle District of Florida, Fort Myers Division, is the proper venue because Defendant employed Plaintiff in this venue and the cause of action accrued in this venue.

## FLSA COVERAGE

**I.   Enterprise Coverage**

7. At all times material to this action, Defendant was Plaintiff's "employer," and Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

9. At all times material, Defendant had gross sales volume of at least $500,000 annually.

10. At all times material, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA.

## II. Individual Coverage

11. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage under the FLSA.

12. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendant.

13. The products and materials that Plaintiff used on a regular and recurrent basis, which were supplied to him by Defendant to use on the job, moved through interstate commerce.

14. To further Defendant's business purpose, Plaintiff regularly communicated with out-of-state customers, prospective customers, vendors, and suppliers.

## FACTS

15. Primate Products LLC breeds and sells nonhuman primates for use in biomedical research, supplying animals to research institutions and laboratories across the country from its location in Immokalee, FL. The company also operates a large breeding and quarantine facility, provides related support services, and offers research animal equipment and enrichment devices for laboratory use.

16. In May 2017 Plaintiff was hired by Primate Products as a vet technician.

17. As vet technician, Plaintiff was responsible for caring for the primates. Plaintiff and the other technicians reported to Defendant's doctors and management.

18. Plaintiff routinely worked Monday through Friday, with occasional weekends, and, on average, approximately 50 to 60 hours per week.

19. From May 2017 until September 21, 2024, Plaintiff was paid on an hourly basis. He was also paid time and one half his hourly rate for overtime hours.

20. On or around September 22, 2024, although his duties did not change, Defendant changed Plaintiff's pay from hourly to salary. Plaintiff was no longer paid for his overtime hours through the end of his employment in April 2025.

21. Plaintiff was told that he had to change to salary because he "topped out" at the highest hourly rate for vet technicians, and Defendant could not give him an additional raise.

## STATEMENT OF CLAIM
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. All previous paragraphs are incorporated as though fully set forth herein.

23. Plaintiff worked more than forty (40) hours in one or more workweeks.

24. From September 22, 2024 through April 2025, Defendant failed or refused to compensate Plaintiff overtime wages calculated 1.5 times the regular rate for all hours worked.

25. Defendant violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff.

26. Defendant knew its decision to change Plaintiff's compensation violated the FLSA overtime provisions. Defendants acted willfully or with reckless disregard

of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice.

27. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief on behalf of himself and those similarly situated service technicians:

    a. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

    b. Unpaid overtime wages;

    c. Liquidated damages;

    d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

    e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: October 8, 2025

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017
